IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ISAIHA PALMER, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) ) C.A. No. 20-1650 (MN) |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Isaiha Palmer – *Pro se* Petitioner.

Andrew Vella, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

January 29, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Isaiha Palmer ("Petitioner"). (D.I. 3). The State filed an Answer in opposition, and Petitioner filed a Reply. (D.I. 12; D.I. 16). For the reasons discussed, the Court will dismiss the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

**I.  BACKGROUND**

On December 15, 2015, a New Castle County grand jury indicted Petitioner on charges of possession of a firearm by a person prohibited ("PFBPP"), possession of ammunition by a person prohibited ("PABPP"), drug dealing (Tier 4), aggravated possession of a controlled substance (Tier 5), and two counts of possession of a firearm during the commission of a felony ("PFDCF"). (D.I. 12 at 1-2). Prior to trial, the Superior Court denied Petitioner's motion to suppress the evidence obtained during a search of his residence but granted Petitioner's oral motion to sever the PFBPP and PABPP charges and hold a bench trial on those charges. (D.I. 13-2 at Entry Nos. 1, 3); *see Palmer v. State*, 167 A.3d 1189 (Table), 2017 WL 2924195, at *2 (Del. July 7, 2017). On July 6, 2016, a Delaware Superior Court jury found Petitioner guilty of Tier 5 possession and the related PFDCF charge, but not guilty of Tier 4 drug dealing and its related PFDCF charge. *See State v. Palmer*, 2019 WL 446252, at *1 (Del. Super. Ct. Jan. 31. 2019). On July 7, 2016, the Superior Court found Petitioner guilty of the severed PFBPP and PABPP charges. (D.I. 13-2 at Entry No. 2). Thereafter, upon the State's motion, the Superior Court declared Petitioner a habitual offender with respect to his PFDCF and PFBPP convictions and, on September 16, 2016, sentenced him (on all four convictions) to an aggregate 60 years of incarceration at Level V, suspended after 42 years followed by decreasing levels of supervision. (D.I. 12 at 2; D.I. 13-2 at Entry No. 2;

D.I. 13-3 at 26-27). The Delaware Supreme Court affirmed Petitioner's convictions and sentence on July 7, 2017. *See Palmer*, 2017 WL 2924195, at *4.

On July 3, 2018, Petitioner filed a counseled motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 13-9 at 99-113). A Superior Court Commissioner issued a Report and Recommendation concluding that the Rule 61 motion should be denied. *See Palmer*, 2019 WL 446252, at *6. On April 3, 2019, the Superior Court adopted the Report and Recommendation and denied the Rule 61 motion. *See State v. Palmer*, 2019 WL 1501543, at *2 (Del. Super. Ct. Apr. 3, 2019). The Delaware Supreme Court affirmed that judgment on December 3, 2019. *See Palmer v. State*, 223 A.3d 436 (Table), 2019 WL 6522899, at *1 (Del. Dec. 3, 2019).

Petitioner filed the instant habeas Petition in December 2020, asserting three grounds for relief: (1) trial counsel provided ineffective assistance by failing to file a suppression motion challenging the confidential informants' "uncorroborated past proven reliab[ility] and status," by failing to learn the identity of the confidential informants, and by failing to call the informants as witnesses; (2) the Superior Court violated Petitioner's constitutional rights by giving an erroneous jury instruction on joint-possession; and (3) trial counsel provided ineffective assistance by failing to call his cousin Samuel Palmer as a witness. (D.I. 3; D.I. 5).

## II. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time-period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on September 16, 2016, and the Delaware Supreme Court affirmed his convictions on July 7, 2017. Since Petitioner did not seek certiorari review of the Delaware Supreme Court's decision, his judgment of conviction became final ninety-days later, on October 5, 2017. Applying the one-

3

year limitations period to that date, Petitioner had until October 5, 2018 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date of the triggering event of the limitations, namely, the date of finality). Petitioner, however, did not file the instant Petition until December 15, 2020,[1] a little more than two full years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

        **A.**    <u>**Statutory Tolling**</u>

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a

---

[1]     Pursuant to the prison mailbox rule, a prisoner's habeas petition is deemed filed the date on which he transmitted the petition to prison authorities for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). In this case, the Petition and certificate of mailing are dated December 15, 2020, but the Petition was not docketed until December 30, 2020. The Court will assume that the Petition was provided to prison authorities on the earlier date and, therefore, views December 15, 2020 as the date of filing.

4

post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on October 6, 2017, and ran for 269 days until Petitioner's attorney filed a Rule 61 motion on July 3, 2018. The Superior Court denied the Rule 61 motion on April 3, 2019, and the Delaware Supreme Court affirmed that decision on December 3, 2019. In these circumstances, the Rule 61 motion tolled the limitations period from July 3, 2018 through December 3, 2019.

The limitations clock started to run again on December 4, 2019, and ran the remaining 96 days without interruption until the limitations period expired on March 9, 2020. Thus, the Petition is time-barred, unless equitable tolling or the actual innocence equitable exception apply.

### B.     Equitable Tolling

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's

5

failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner asserts that AEDPA's one-year year limitations period did not begin to run until December 3, 2019, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion (*see* D.I. 1 at 1; D.I. 16 at 3-4) and, therefore, he contends he had until December 3, 2020 to timely file his Petition (D.I. 16 at 4). Relying on this belief, he asks the Court to apply the equitable tolling doctrine and deem his Petition timely filed on December 15, 2020, asserting that the twelve-day delay in filing was due to Covid restrictions and delays. (D.I. 16 at 4-5).

Petitioner's argument is unavailing. As previously explained, AEDPA's limitations period started to run on the date Petitioner's *judgment of conviction* became final (October 5, 2017), not on the date the Delaware Supreme Court issued its appellate decision with respect to Petitioner's Rule 61 motion (December 3, 2019). Petitioner's ignorance of the law and his related mistake in determining the starting date of AEDPA's limitations period do not constitute extraordinary circumstances for equitable tolling purposes. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 674

6

(D. Del. 2009) (holding that Lewis' error in computing AEDPA's computing AEDPA's one-year filing period did not warrant equitable tolling); *Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Petitioner does not provide any other reason for his failure to timely file his Petition. Accordingly, the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence Exception

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F.4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. In this case, the actual innocence exception is inapplicable because Petitioner does not allege that he is actually innocent.

Accordingly, the Court will dismiss the instant Petition as time-barred.[2]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural

---

[2] Having decided to dismiss the Petition as time-barred, the Court will not address the State's additional reasons for denying the Petition. (*See* D.I. 12 at 15-39).

grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition is time-barred. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court will not issue a certificate of appealability.

## IV.     CONCLUSION

For the reasons stated, the Court will dismiss the Petition as time-barred without holding an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.

8